JOSEPH SUDLER and HENRY DAVIS v. HENRY HUDSON.

Court of Chancery. Sussex. March 10, 1818.

*Ridgely's Notebook II, 59.*

[*Wells* for complainant. *Robinson* for respondent.]

THE CHANCELLOR. This is a question between creditors. Henry Hudson has no interest in the case. He is merely a stakeholder. His debt has been paid by the goods and chattels of Carlisle and Rider; and consequently he now is to be considered as a trustee in the debt due from Colonel Hall, deceased, either

for Sudler and Davis, or for Redden and Company or some other creditor.

On October 9, 1815, Hudson recovered a judgment against Carlisle and Rider and sued out a *fieri facias* attachment. Colonel Hall, the garnishee, was summoned the 10th of the same month, and on November 21, next following, there was a judgment of condemnation for the money he owed to Carlisle and Rider. On October 12, 1815, Carlisle and Rider endorsed or assigned the note upon which Colonel Hall stood indebted to them in $360 to the complainants, Sudler and Davis. On October 12, Redden and Company issued a *fieri facias* attachment against Carlisle and Rider; and on 14th of same month, John Bradley issued a *fieri facias* attachment against the same defendants. But John Bradley disclaims any interest in the matter in dispute. On November 11, before the judgment of condemnation against Colonel Hall, Hudson, Carlisle and Rider, Redden and Company and John Bradley compromised. Hudson obtained satisfaction of his debts from the goods and chattels of Carlisle and Rider and agreed to prosecute the attachment against Colonel Hall and to pay over to Redden and Company and John Bradley whatever might be recovered, his debt being first satisfied. Redden and Company and Bradley were to bear the expenses in law.

The question now rests upon the rights of Hudson and Davis on the one hand and Redden and Company on the other. They are both creditors and in this respect stand equal. Sudler and Davis, though, have obtained the preference in point of time. Redden and Company sued out their attachment on October 12, but that writ was not served; and on November 11, the agreement with Hudson was made, both of which periods are posterior to the assignment of the note to Sudler and Davis on October 12. These parties then can have no antecedent claim to Sudler and Davis, and they can derive no right from Hudson, for his debt was satisfied by other property, and consequently the interest of Sudler and Davis attached before their right accrued. At law, this attachment of Hudson was pleadable by Colonel Hall, the garnishee, in bar of this note in the hands of Carlisle and Rider, or of Sudler and Davis; but inasmuch as Hudson was otherwise satisfied, the assignment gave an equitable right to Sudler and Davis, as also did the agreement of November 11, to Redden and Company. Then as they all claim in equity, the rule is, *qui prior tempore potior jure;* consequently Sudler and Davis are entitled to have the benefit of the proceeding against Colonel Hall.

Decree that Henry Hudson proceed on the attachment for the use of Sudler and Davis. See 2 Ves.Sr. 486, 2 P.Wms. 496.